E-FILED
Friday, 26 April, 2019  12:05:38 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | | |
|---|---|---|
| SUSAN BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN FEDERATION OF STATE, | ) | |
| COUNTY, AND MUNICIPAL | ) | |
| EMPLOYEES, COUNCIL 31, AFL-CIO; | ) | |
| AFSCME LOCAL 672; MOLINE-COLE | ) | |
| VALLEY SCHOOL DISTRICT NO. 40; | ) | |
| ATTORNEY GENERAL KWAME | ) | |
| RAOUL, in his official capacity; and | ) | |
| ANDREA R. WAINTROOB, chair, JUDY | ) | |
| BIGGERT, GILBERT O'BRIEN JR., | ) | |
| LYNNE SERED, and LARA SHAYNE, | ) | |
| members, of the Illinois Educational Labor | ) | |
| Relations Board, in their official capacities, | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT**

1.      This action challenges Defendants' unlawful scheme of withholding money from the paychecks of public employees to fund the speech of a labor union without those employees' affirmative consent and appointing that union to speak for unwilling public employees.

2.      Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

3.      Union dues checkoff authorizations signed by government employees in Illinois before the Supreme Court's decision in *Janus* cannot constitute affirmative consent by those

1

employees to waive their First Amendment right to not pay union dues or fees. Union members who signed such agreements could not have freely waived their right to not join or pay a union because the Supreme Court had not yet recognized that right.

4.    Because Plaintiff did not provide affirmative consent to waive her First Amendment right to not join or pay a union, Defendants have violated Plaintiff's First Amendment rights by maintaining Plaintiff's union membership and by withholding union dues from her paycheck after the date of the *Janus* decision on June 27, 2018.

5.    Further, Illinois state law requires that a union serve as an exclusive bargaining agent for all employees in a bargaining unit, including those employees who are not members of the union. 115 ILCS 5/3(b).

6.    The First Amendment protects "[t]he right to eschew association for expressive purposes," *Janus*, 138 S. Ct. at 2463, and "[f]reedom of association . . . plainly presupposes a freedom not to associate," *Roberts v. United States Jaycees*, 468 U. S. 609, 623 (1984).

8.    Plaintiff does not wish to associate with Defendant American Federation of State, County and Municipal Employees, Council 31, AFL-CIO, ("Council 31") or its local affiliate, AFSCME Local 672 ("Local 672"), including having Local 672 serve as her exclusive bargaining representative. Yet, Defendants, under color of state law, are forcing Plaintiff to associate with Local 672 against her will, "a significant impingement on associational freedoms that would not be tolerated in other contexts." *Janus*, 138 S. Ct. at 2478.

9.    Therefore, Plaintiff brings this suit under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from her paychecks.

## PARTIES

10.     Plaintiff Susan Bennett is employed as a custodian by Moline-Coal Valley School District No. 40. She resides in Moline, Illinois.

11.     Defendant Council 31 is a labor organization based in Chicago, Illinois that represents public sector workers in state and local government in Illinois. Council 31 is a labor organization under Section 2(c) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(c).

12.     Defendant Local 672 is a labor organization based in Moline, Illinois that represents custodial and maintenance employees of the Moline-Coal Valley School District No. 40. Local 672 is a labor organization under Section 2(c) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(c). It is affiliated with Council 31.

13.     Defendant Moline-Coal Valley School District No. 40 ("School District") is an Illinois public school district organized under the Illinois School Code 105 Ill. Comp. Stat. 1 et seq., with its principal office located in Moline, Illinois. The District is governed by the Board of Education of School District No. 40, ("Board of Education"), which is an educational employer under Section 2(a) of the Illinois Educational Labor Relations Act, 115 ILCS 5/2(a).

14.     Defendant Attorney General Kwame Raoul is sued in his official capacity as the representative of State of Illinois charged with the enforcement of state laws, including the Illinois Educational Labor Relations Act, which requires Local 672 to be the "exclusive representative" of Plaintiff, whether she is a union member or not. 115 ILCS 5/3(b). His offices are located in Chicago and Springfield, Illinois.

15.     Defendants Andrea R. Waintroob (chair), Judy Biggert, Gilbert O'Brien Jr., Lynne Sered, and Lara Shayne, are members of the Illinois Educational Labor Relations Board ("IELRB"), which is charged, under the Illinois Educational Labor Relations Act, with certifying

3

employee representatives for collective bargaining purposes, 115 ILCS 5/8, determining the

appropriateness of the bargaining unit, 115 ILCS 5/7, and limited to certifying only one

employee representative per bargaining unit, 115 ILCS 5/8. IELRB has certified Local 672 as the

exclusive bargaining representative for the employee unit which includes Plaintiff.

### JURISDICTION AND VENUE

16.     This case raises claims under the First and Fourteenth Amendments of the United

State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28

U.S.C. § 1331 and 28 U.S.C. § 1343.

17.     Venue is appropriate under 28 U.S.C. § 1391(b) because a substantial portion of

the events giving rise to the claims occurred in the Central District of Illinois, Rock Island

Division.

### FACTS

**Defendants are acting under color of state law.**

18.     Acting in concert under color of state law, Board of Education, on behalf of

Defendant School District, and Defendant Council 31, on behalf of Defendant Local 672, entered

into a collective bargaining agreement effective for the 2014-2015, 2015-2016, and 2016-2017

school years, ("Prior Agreement"). **Exhibit A.**

19.     The Prior Agreement contained a provision which required non-members of the

union pay agency fees:

> Employees covered by this Agreement who are not dues-paying members of the
> Union by voluntary payroll deduction shall be required to pay in lieu of dues,
> their proportionate fair share of the costs of the collective bargaining process,
> contract administration and the pursuance of matters affecting wages, hours, and
> conditions of payment, as certified by the Union, shall be deducted by the School
> Board from the earning of the non-member employees.

**Exhibit A**, Article XV, Section 2, p. 20.

4

20.     Acting in concert under color of state law, Board of Education, on behalf of Defendant School District, and Defendant Council 31, on behalf of Defendant Local 672, entered into a collective bargaining agreement, effective for the 2018-2019 and 2019-2020 school years, ("Current Agreement"). **Exhibit B.**

21.     The Current Agreement contains a "Union Membership" article, which limits when union members may resign their union membership and stop union dues from being withheld from their paycheck. In relevant part, that article provides that the Board:

> [s]hall honor employees' individually authorized dues deduction forms, and shall make deductions from the employee's earnings in the amounts certified by the Union for union dues, assessments, or fees. . . . Authorized deductions shall be revocable in accordance with the terms under which an employee voluntarily authorized said deductions provided that an employee is annually given a reasonable period to revoke

**Exhibit B,** Article XV, Section 1, p. 21.

22.     The terms of the Current Agreement limit a union member's right to resign and stop union dues from being withheld from his or her paycheck to only a "reasonable window" that must occur once per year, but empowers AFSCME to identify and administer that window.

**Plaintiff seeks to resign from and stop paying dues to the union.**

23.     Plaintiff Susan Bennett is an employee of the School District, where she has served as a custodian since August 2009.

24.     Ms. Bennett signed a union card with Council 31 on August, 21 2017 prior to the Supreme Court's *Janus* decision. She originally joined in November 2009, shortly after she began working for the School District.

25.     Ms. Bennet joined the union because, at the time that she signed the union card, the Prior Agreement and the Illinois Educational Labor Relations Act, 115 ILCS 5/11, required her to pay money to the union even as a non-member, in the form of agency fees.

26.     On June 27, 2018, the U.S. Supreme Court issued its decision in the *Janus* case.

27.     After the Supreme Court issued its decision in *Janus*, Plaintiff learned that she had the right both not to be a member of the union and not to pay any money to the union.

28.     After the Supreme Court's decision in Janus on June 27, 2018, Ms. Bennett did not provide affirmative consent to remain a member of Defendants Council 31 or Local 672 or to having union dues withheld from her paycheck by the School District.

29.     On November 1, 2018, Ms. Bennett sent a letter to AFSCME International seeking to cancel her membership in light of her rights under *Janus.* **Exhibit C.**

30.     On November 5, 2018, Ms. Bennett sent a letter to the Dave McDermott, Chief Financial Officer, of the School District, alerting her employer that she had canceled her membership in light of her rights under *Janus* and asking that the School District to stop withholding union dues from her paychecks. **Exhibit D.**

31.     On December 3, 2018, Mr. McDermott replied that Ms. Bennett's payroll deductions would continue based on her pre-*Janus* union card through her next opt-out window in August 2019. **Exhibit E**.

32.     On December 13, 2018, Defendant Council 31 sent Ms. Bennett a letter asserting that she although she could cancel her membership in the union, she would have to continue paying an amount equivalent to full dues until her next opt-out window, which the letter said would arise between July 27 and August 11, 2019. **Exhibit F**.

33.     The School District has deducted dues from Ms. Bennett's paychecks and remitted those dues to AFSCME since shortly after she began employment. The dues now being deducted from Ms. Bennett's paycheck amount to $24.93 each paycheck, plus an additional

$4.20 for AFSCME's PEOPLE political action fund. The School District continues to deduct

those dues without Ms. Bennett's consent.

**Local 672 is Plaintiff's exclusive bargaining representative.**

34.     Under Illinois law, a union selected by public employees in a unit appropriate for

collective bargaining purposes is the exclusive representative of all the employees in such unit to

bargain on wages, hours, terms and conditions of employment. 115 ILCS 5/3.

35.     Once a union is designated the exclusive representative of all employees in a

bargaining unit, it negotiates wages, hours, terms and conditions of employment for all

employees, even employees who are not members of the union or who do not agree with the

positions the union takes on the subjects.

36.     Defendant Local 672 is the exclusive representative of Plaintiff and her coworkers

in the bargaining unit, with respect to wages, hours, and terms and conditions of employment,

pursuant to 115 ILCS 5/3, 5/7, and 5/8.

### COUNT I
**Defendants School District, Council 31, and Local 672 violated Plaintiff's
rights to free speech and freedom of association protected by
the First Amendment of the United States Constitution.**

37.     The allegations contained in all preceding paragraphs are incorporated herein by

reference.

38.     The First Amendment to the United States Constitution provides: "Congress shall

make no law…abridging the freedom of speech."

39.     The Fourteenth Amendment to the United States Constitution incorporates the

protection of the First Amendment against the States, providing: "No State shall make or enforce

any law which shall abridge the privileges or immunities of citizens of the United States; nor

shall any State deprive any person of life, liberty, or property, without due process of law; nor

deny to any person within its jurisdiction the equal protection of the laws."

40.     Requiring a government employee to pay money to a union violates that

employee's First Amendment rights to free speech and freedom of association unless the

employee "affirmatively consents" to waive his or her rights. *Janus v. AFSCME,* 138 S. Ct.

2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling'

evidence." *Id.*

41.     The actions of Defendants Local 672, Council 31, and the School District

constitute a violation of Plaintiff's First Amendment rights to free speech and freedom of

association to not join or financially support a union without her affirmative consent.

42.     Plaintiff did not provide affirmative consent to Defendants to deduct dues from

her paycheck from the date that she joined the union until June 27, 2018 (the date the *Janus*

decision was issued), because unconstitutional agency shop provisions of the Prior Agreement

and the Illinois Educational Labor Relations Act, 115 ILCS 5/11, prohibited her from exercising

the option of paying nothing to the union as a non-member.

43.     Plaintiff's purported "consent" to dues collection via the union card signed prior

to the *Janus* decision was not "freely given" because it was given based on an unconstitutional

choice of either paying the union as a member or paying the union agency fees as a non-member.

*Janus* made clear that this false dichotomy is unconstitutional. *Janus*, 138 S. Ct. at 2486.

44.     If Plaintiff had a choice between paying union dues as a member of the union or

paying nothing to the union as a non-member, she would have chosen to pay nothing as a non-

member. The constitutional defect created by the agency shop arrangement which denied

Plaintiff the option of paying nothing as a non-member also denied Plaintiff of a meaningful

8

choice. Accordingly, Plaintiff's consent was compelled by the enforcement of unconstitutional agency shop requirements, and not freely given.

45.     Plaintiff has no adequate remedy at law.

### COUNT II
**State law forces Plaintiff to associate with Defendant Local 672 without her affirmative consent in violation of her First Amendment rights to free speech and freedom of association.**

46.     The allegations contained in all preceding paragraphs are incorporated herein by reference.

47.     "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." *Janus,* 138 S. Ct. at 2463.

48.     For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning . . . [A] law commanding 'involuntary affirmation' of objected-to beliefs would require 'even more immediate and urgent grounds' than a law demanding silence." *Janus,* 138 S. Ct. at 2464 (2018) (quoting *West Virginia Bd. of Ed. v. Barnette,* 319 U.S. 624, 633 (1943).

49.     Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." *Knox v. SEIU,* 567 U.S. 298, 310 (2012).

50.     In the context of public sector unions, the Supreme Court has recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees

may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." *Janus,* 138 S.Ct. at 2460.

51.     Under the Illinois Educational Labor Relations Act, the State of Illinois allows only one union representative to collectively bargain with a government employer for each employee bargaining unit. 115 ILCS 5/8.

52.      The IELRB has certified Defendant Local 672 as Plaintiff's exclusive representative for collective bargaining purposes, and the Board of Education has accepted this certification.

53.     Under color of state law, Defendant Local 672 has acted as Plaintiff's exclusive representative in negotiating the terms and conditions of her employment.

54.     Under color of state law, the Board of Education has negotiated the terms and conditions of Plaintiff's employment with Defendant Local 672.

55.     This designation compels Plaintiff to associate with the union and through its representation of her compels her to petition the government with a certain viewpoint, despite that viewpoint being in opposition to Plaintiff's own goals and priorities.

56.     The exclusive representation provision of 115 ILCS 5/3-8 is, therefore, an unconstitutional abridgement of Plaintiff's right under the First Amendment not to be compelled to associate with speakers and organizations without her consent.

57.     Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

Plaintiff Susan Bennett respectfully request that this Court:

a.      Enter a judgment declaring that Defendants' collective bargaining agreement, entered under color of and pursuant to Illinois law, violate Plaintiff's free-speech

rights by purporting to limit the ability of Plaintiff to revoke the authorization to withhold union dues from her paychecks to a window of time without affirmative consent;

b.    Enter a judgment declaring that the union card signed by Plaintiff – when such authorization was based on an unconstitutional choice between paying the union as a member or paying the union as a non-member – does not meet the standard for affirmative consent required to waive First Amendment rights announced in *Janus*;

c.    Enter a judgment declaring that Defendant School District's practice by of withholding union dues from Plaintiff's paycheck in the absence of affirmative consent is unconstitutional;

d.    Enjoin Local 672 and Council 31 to immediately allow Plaintiff to resign her union membership;

e.    Enjoin Defendant School District from continuing to deduct, and enjoin Defendants Local 672 and Council 31 from accepting, dues from Plaintiff's paychecks, unless she first provides freely-given affirmative consent to such deductions;

f.    Enter a judgment declaring that the exclusive representation provided for in 115 ILCS 5/3-8 to be unconstitutional;

g.    Enjoin Defendant Attorney General Kwame Raoul from enforcing the provisions of 115 ILCS 5/3-8;

h.    Enjoin Defendants Andrea R. Waintroob, Judy Biggert, Gilbert O'Brien Jr., Lynne Sered, and Lara Shayne, in their capacity as members of the IELRB from certifying a union as the exclusive representative in a bargaining unit;

i.    Award damages against Defendants Local 672 and Council 31 for all union dues collected from Plaintiff after the date of the Supreme Court's decision in *Janus*, June 27, 2018;

j.    Award damages against Defendants Local 672 and Council 31 for all union dues collected from Plaintiff before June 27, 2018;

k.    Award Plaintiff her costs and attorneys' fees under 42 U.S.C. § 1988; and

l.    Award any further relief to which Plaintiff may be entitled.

Dated: April 26, 2019

Respectfully Submitted,

**SUSAN BENNETT**

By: /s/ Jeffrey M. Schwab

Jeffrey M. Schwab (#6290710)
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
jschwab@libertyjusticecenter.org

*Attorneys for Plaintiff*